UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRETT HAMILTON,

           Plaintiff,

   v.

KITSAP COUNTY,

           Defendant.

CASE NO. C15-5587 BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendant Kitsap County's ("County") motion to dismiss (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion and grants leave to amend for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 17, 2015, Plaintiff Brett Hamilton ("Hamilton") filed a 42 U.S.C. § 1983 suit against the County in Kitsap County Superior Court. Dkt. 1-1. On August 19, 2015, the County removed the suit to this Court. Dkt. 1.

On November 5, 2015, the County moved to dismiss. Dkt. 8. On January 5, 2016, the Court granted the motion in part and denied it in part and granted Hamilton leave to amend his complaint. Dkt. 14.

1     On January 21, 2016, Hamilton filed an amended complaint asserting a claim for

2 violation of his due process rights and a claim for breach of contract. Dkt. 15 ("Comp").

3     On February 4, 2016, the County filed a motion to dismiss Hamilton's due process

4 claim. Dkt. 16. On February 22, 2016, Hamilton responded. Dkt. 17. On February 26,

5 2016, the County replied. Dkt. 18.

6 **II. FACTUAL BACKGROUND**

7     Hamilton began working as a Corrections Officer for the Kitsap County Sheriff

8 Office's Corrections Division in October 2002. Comp. ¶ 4.1. During his employment

9 with Kitsap County, Hamilton also worked as a Reserve Police Officer for the Bremerton

10 Police Department. *Id.* ¶ 4.3.

11     In January 2012, Hamilton began investigating thefts by inmates inside the Kitsap

12 County Jail. *Id.* ¶ 4.6. As part of his investigation, Hamilton sent a series of text

13 messages to an inmate's wife. *Id.* ¶ 4.13.

14     In June 2012, Kitsap County began an internal investigation into Hamilton's

15 conduct. *Id.* ¶¶ 4.14. Hamilton was placed on administrative assignment. *Id.* ¶ 4.15. In

16 July 2012, Hamilton was served with a protection order, which prohibited Hamilton from

17 having any contact with the inmate's wife. *Id.* ¶ 4.19. During a subsequent court

18 hearing, a judge imposed the protection order for one year. *Id.* ¶ 4.20. In August 2012,

19 Hamilton learned that the Kitsap County Prosecutor had filed criminal charges against

20 him. *Id.* ¶ 4.21. In December 2012, Hamilton signed a pre-trial diversion agreement. *Id.*

21 ¶ 4.22.

22

1  On February 6, 2013 and March 22, 2013, Hamilton attended two *Loudermill*
2 hearings. *Id.* ¶¶ 4.23–4.24.  On March 26, 2013, Kitsap County terminated Hamilton's
3 employment. *Id.*¶ 4.25.  Hamilton was subsequently terminated from his position with
4 the Bremerton Police Department. *Id.* ¶ 4.26.

## III. DISCUSSION

6  Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of
7 a cognizable legal theory or the absence of sufficient facts alleged under such a theory.
8 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material
9 allegations are taken as admitted and the complaint is construed in the plaintiff's favor.
10 *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to
11 dismiss, the complaint does not require detailed factual allegations but must provide the
12 grounds for entitlement to relief and not merely a "formulaic recitation" of the elements
13 of a cause of action. *Twombly*, 127 S. Ct. at 1965.  A plaintiff must allege "enough facts
14 to state a claim to relief that is plausible on its face." *Id.* at 1974.

15  In this case, the parties dispute whether Hamilton has stated a cognizable due
16 process claim.  Hamilton alleges that he "was wrongfully discharged and this is a
17 constitutional infringement upon [his] right to pursue his chosen occupation."  Comp., ¶
18 5.4.  The due process clause protects both procedural and substantive rights, and the
19 County moves to dismiss on both bases.  With regard to Hamilton's procedural rights,
20 Hamilton fails to respond to the County's motion, which the Court takes as an admission
21 that the motion has merit.  Local Rules, W.D. Wash. LCR 7(b)(2).  Moreover, the County
22 gave Hamilton two pre-termination hearings, and Hamilton fails to allege or show any

1   other procedural failure.  Therefore, the Court dismisses Hamilton's procedural due
2   process claim.
3         With regard to Hamilton's substantive rights, the Ninth Circuit has recognized a
4   "substantive due process claim for a public employer's violations of occupational
5   liberty."  *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997 (9th Cir. 2007), *aff'd sub*
6   *nom. Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008).  The Circuit, however,
7   limited the

8-10         claim to extreme cases, such as a "government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure."

11   *Id.* at 997–98 (quoting *Olivieri v. Rodriguez*, 122 F.3d 406, 408 (7th Cir. 1997)).  A
12   plaintiff must show that the "character and circumstances of a public employer's
13   stigmatizing conduct or statements are such as to have destroyed an employee's freedom
14   to take advantage of other employment opportunities."  *Id*. (quoting *Bordelon v. Chi. Sch.*
15   *Reform Bd. of Trs.*, 233 F.3d 524, 531 (7th Cir. 2000)).  "It is not enough that the
16   employer's stigmatizing conduct has some adverse effect on the employee's job
17   prospects; instead, the employee must show that the stigmatizing actions make it virtually
18   impossible for the employee to find new employment in his chosen field."  *Id*. (quoting
19   *Bordelon*, 233 F.3d at 531).
20         Under this standard, Hamilton contends that the complaint alleges that he was
21   fired from two different police departments.  Dkt. 17 at 2.  Although he does not
22   explicitly argue that this amounts to a government blacklist, he contends that the firings

deprived him of his due process rights. *Id*. Hamilton's allegations fall far short of a cognizable claim. While Hamilton's terminations may raise questions during subsequent interviews, he has failed to allege any act that destroyed his freedom to take advantage of other employment opportunities or that would make it virtually impossible for him to find new employment in his chosen field. *Engquist*, 478 F.3d at 998. Therefore, the Court grants the County's motion to dismiss because Hamilton has failed to allege sufficient facts under a cognizable legal theory.

Although the Court generally does not grant leave to amend multiple times, "dismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). Because Hamilton has not had an opportunity to cure the deficiencies set forth above, the Court grants Hamilton leave to amend his substantive due process claim.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the County's motion to dismiss (Dkt. 16) is **GRANTED** and Hamilton is **GRANTED** leave to amend. Hamilton shall file an amended complaint no later than March 30, 2016. Failure to file an amended complaint will result in **DISMISSAL** of Hamilton's § 1983 claim and, most likely, remand to state court.

Dated this 22nd day of March, 2016.

BENJAMIN H. SETTLE
United States District Judge