UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRETT HAMILTON,<br><br>    Plaintiff,<br><br> v.<br><br>KITSAP COUNTY,<br><br>    Defendant. | CASE NO. C15-5587 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR CONSOLIDATION |

  This matter comes before the Court on Defendant Kitsap County's ("County") motion for consolidation (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

  On July 17, 2015, Plaintiff Brett Hamilton ("Hamilton") filed a 42 U.S.C. § 1983 suit against the County in Kitsap County Superior Court. Dkt. 1-1. Hamilton alleged violations of his due process rights, as well as state law claims for defamation, false light invasion of privacy, retaliation, breach of contract, negligent supervision, and negligent

ORDER - 1

1  infliction of emotional distress. *Id.* ¶¶ 1.1, 5.3–5.4, 6.1–11.6.  The County removed the
2  suit to this Court on August 19, 2015.  Dkt. 1.
3        On November 5, 2015, the County moved to dismiss.  Dkt. 8.  On January 5, 2016,
4  the Court dismissed Hamilton's false light, retaliation, negligent supervision, and
5  negligent infliction of emotional distress claims without prejudice for failure to properly
6  file notice of his claims under RCW 4.96.020(4).  Dkt. 14.  Hamilton subsequently filed
7  notice of his retaliation, negligent supervision, and negligent infliction of emotional
8  distress claims with Kitsap County on January 19, 2016.  Dkt. 23, Declaration of
9  Christine Palmer ("Palmer Dec.") ¶ 4.
10        On January 21, 2016, Hamilton filed an amended complaint with this Court
11  asserting a claim for violation of his due process rights and a claim for breach of contract.
12  Dkt. 15.  On February 4, 2016, the County moved to dismiss Hamilton's due process
13  claim.  Dkt. 16.  The Court granted the motion with leave to amend on March 22, 2016.
14  Dkt. 19.
15        On March 24, 2016, Hamilton refiled his retaliation, negligent supervision, and
16  negligent infliction of emotional distress claims against the County in Kitsap County
17  Superior Court.  Palmer Dec., Ex. A.  Hamilton filed a second amended complaint with
18  this Court on March 30, 2016,.  Dkt. 20.
19        On April 27, 2016, the County moved to consolidate the instant suit with the suit
20  pending in Kitsap County Superior Court.  Dkt. 22.  On May 9, 2016, Hamilton
21  responded.  Dkt. 26.  On May 13, 2016, the County replied.  Dkt. 27.
22

## II. DISCUSSION

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions before it that involve a common question of law or fact. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Here, the County seeks to consolidate the instant suit with a suit pending in state court. Dkt. 22. Rule 42(a), however, requires that both suits be pending before the same court. *See* Fed. R. Civ. P. 42(a); *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987); *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972). Although Hamilton's state court suit may share a common question of law or fact with the instant suit, the two suits are pending before different courts. The County may not rely on Rule 42(a) as a mechanism for removing a state court suit to this Court.

In its reply, the County also argues the Court should exercise supplemental jurisdiction over Hamilton's state court suit. Dkt. 27 at 2. This is a new argument raised for the first time in reply, and the Court may decline to consider it. *See United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("[A] party may not make new arguments in the reply brief."). In any event, the County has not provided the Court with authority for exercising supplemental jurisdiction over a suit still in state court. *See* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3567 (3d ed. 2016) ("[S]upplemental jurisdiction does not—and cannot—operate to get a case into federal court. Rather, it becomes relevant only after a case has invoked an independent basis of

federal subject matter jurisdiction."). To the extent the County argues that Hamilton improperly split his claims, *see* Dkt. 27 at 2, the County seems to ignore that it was the one that moved to dismiss those claims in the first place.

## III. ORDER

Therefore, it is hereby **ORDERED** that the County's motion for consolidation (Dkt. 22) is **DENIED**.

Dated this 17th day of May, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge