UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRETT HAMILTON,

                Plaintiff,

    v.

KITSAP COUNTY,

                Defendant.

CASE NO. C15-5587 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

      This matter comes before the Court on Brett Hamilton's ("Plaintiff") motion for reconsideration. Dkt. 57. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. BACKGROUND

      On August 4, 2016, Defendant Pierce County ("County") moved for summary judgment on Plaintiff's claims for a substantive due process violation and breach of contract. Dkt. 36. On August 22, 2016, Hamilton responded. Dkt. 41. On August 26, 2016, the County replied and requested that the Court strike materials submitted in support of Hamilton's response. Dkt. 43. Simultaneous with its reply, the County also moved for sanctions pursuant to Federal Rule of Civil Procedure 11. Dkt. 47.

On September 14, 2016, the Court granted the County's motion for summary judgment. Dkt. 54. The Court also denied the County's motion for sanctions and motion to strike. *Id.* On September 21, 2016, the Clerk entered judgment in favor of the County. Dkt. 55. On September 28, 2016, Plaintiff filed his motion for reconsideration, presently before the Court. Dkt. 57.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rules W.D. Wash. LCR 7(h), which provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed.2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Here, Plaintiff has not presented any new fact or legal authority that was unavailable at the time of the summary judgment briefing. Instead, Plaintiff merely

1  restates the same arguments already rejected by the Court on summary judgment and

2  argues that the Court "failed to weigh the evidence submitted by him in the light most

3  favorable to him as the nonmoving party." Dkt. 57-1.

4  However, the Court examined the evidence submitted by Plaintiff and determined

5  that it was insufficient to satisfy the legal standard necessary to survive a summary

6  judgment motion. Regarding Plaintiff's due process claim, the Court stated plainly:

7  Hamilton has failed to provide evidence whereby a jury could rationally
   conclude the County committed irrational, arbitrary, and stigmatizing
8  conduct that violates substantive due process.

9  Dkt. 54 at 11. The Court did not weigh the credibility of Plaintiff's evidence and

10  conclude that Plaintiff's version of events was unconvincing. Instead, the Court accepted

11  the evidence as offered by Plaintiff and concluded that such evidence was insufficient to

12  satisfy the legal standard necessary to show a violation of substantive due process.

13  In regard to Plaintiff's breach of contract claim, the Court stated:

14  The Guild declined to further process the grievance because, after
    consulting with legal counsel, it determined that the case was weak. Dkt.
15  37-1 at 6; Dkt. 38 at 7. The only evidence Hamilton offers in opposition to
    the Guild's conclusion is his legal argument based on "Appendix D," . . . .
16  At the least, Hamilton's argument was highly questionable. Under such
    circumstances, Hamilton's argument falls short "of evidence showing bad
17  faith, discrimination, or arbitrary conduct."

18  Dkt. 54 at 13 (quoting *Lew v. Seattle Sch. Dist. No. 1*, 47 Wn. App. 575, 578 (1987)). The

19  Court noted that Plaintiff failed to provide any evidence that his Guild's decision not to

20  pursue arbitration was arbitrary, discriminatory, or in bad faith. Instead, Plaintiff

21  contended that his lawyer's failure to argue during the *Loudermill* hearings that Plaintiff

22  was wrongly deprived of notice of the investigation into his misconduct, combined with

1    his new Guild President's poor preparation, were sufficient to show arbitrary,

2    discriminatory, or bad faith conduct on behalf of the Guild.

3            But ultimately, the Guild's decision not to pursue arbitration was based on the

4    weakness of Plaintiff's legal argument. As the Court noted in its order granting summary

5    judgment, a cursory review of "Appendix D" revealed that it was "highly questionable"

6    whether "the safeguards set forth in th[at] Appendix" applied when Plaintiff's conduct

7    was ultimately subject to criminal investigation. Dkt. 54 at 12–13. Therefore, Plaintiff

8    failed to show that the Guild's decision not to pursue his grievance was arbitrary,

9    discriminatory, or in bad faith.

10           While Plaintiff may disagree with the Court's legal conclusions, Plaintiff has

11   failed to show that those conclusions are "manifest error." Nor has Plaintiff shown that

12   the Court engaged in weighing the credibility of Plaintiff's evidence or failed to construe

13   it in his favor. Instead, the Court concluded that, even taking the version of facts as

14   supported by Plaintiff's evidence in the light most favorable to him, Plaintiff's evidence

15   failed as a matter of law to satisfy the legal standards necessary for him to prevail at trial.

16                                          **III. ORDER**

17           Therefore, it is hereby **ORDERED** that Plaintiff's motion for reconsideration

18   (Dkt. 57) is **DENIED**.

19           Dated this 30th day of September, 2016.

20

21                                          _____
                                            BENJAMIN H. SETTLE
22                                          United States District Judge